Andrew W. Stavros (8615)
Austin B. Egan (13203)
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: 801.758.7604
andy@stavroslaw.com
austin@stavroslaw.com
*Attorneys for Aline Finneman*

### IN THE UNITED STATES DISTRICT COURT IN AND FOR
### THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALINE FINNEMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>DELTA AIRLINES, INC., a Delaware Corporation,<br><br>    Defendants. | **PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER**<br><br>Case No. 2:19-cv-00327-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Cecilia M. Romero |

Plaintiff Aline Finneman ("Finneman"), by and through her attorney of record, and pursuant to Fed. R. Civ. P. 16, submits her Motion to Amend Scheduling Order.[1]

### **THE RELIEF SOUGHT**

Finneman seeks an Amended Scheduling Order providing for an additional sixty (60) days of fact discovery to enable her to take four depositions: depositions of Mr. McLeish and Mr. Stelter (her prior supervisors while she was employed with Delta); a deposition of Delta employee Niki Alusa; and a Fed. R. Civ. P. 30(b)(6) deposition of Delta. Finneman also seeks

---

[1] As stated herein, "Finneman" refers to Plaintiff Aline Finneman, and "Delta" refers to Defendant Delta Airlines, Inc.

1

the extension for the purpose of obtaining meaningful responses to her second set of interrogatories and requests for production. Finneman's request to extend discovery is supported by good cause and excusable neglect under the factors set forth in *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

## **RELEVANT FACTS**

Ms. Finneman was employed with Delta for over 20 years, and she provided dedicated and loyal service. On or about February 3, 2018, without engaging in any form of progressive discipline, Delta terminated Ms. Finneman's employment. (See Compl. ECF No. 2, at ¶¶ 30-31). After exhausting her administrative remedy with the Utah Antidiscrimination and Labor Division (UALD) and Equal Employment Opportunity Commission (EEOC), Ms. Finneman obtained a notice of right to sue and timely filed this action on May 13, 2019. (ECF No. 1). Ms. Finneman asserts three claims for relief: (1) sex-based discrimination in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, *et seq*.; (2) race and color-based discrimination in violation of Title VII (Finneman is Filipino and has brown skin); and (3) retaliation in violation of Title VII. (See Compl., *in toto*).

On August 28, 2019, the Court entered a Scheduling Order in this action. (ECF No. 19). That Order set a fact discovery closure date of May 29, 2020. (Id.). In March 2020, the COVID-19 pandemic had spread throughout the United States. On that basis, Delta requested—and Finneman stipulated to—a stay of this action. On March 31, 2020, Delta filed the stipulated motion for a stay, and on April 1, 2020, the Court granted the stay. (ECF Nos. 20-21). The stay expired on July 1, 2020.

Ms. Finneman was previously represented by Adam Clark of the law firm Stavros Law

2

P.C. In October 2020, Mr. Clark left Stavros Law, and it was determined that Austin Egan would step in and take over Ms. Finneman's representation. At that same time (October 2020), Mr. Egan was preparing for and then attending trial in another case. (See Ex. A, Second Amended Scheduling Order, *McKea v. Uintah County*).[2] On October 7, 2020, Delta's counsel and Mr. Egan exchanged emails discussing Delta's request for a stipulation to amend the Scheduling Order in this action for purposes of extending the fact discovery period to enable Delta to take Ms. Finneman's deposition.[3] After a couple of drafts were exchanged, Mr. Egan stipulated to Delta's request and Delta filed the stipulation on October 8, 2020. (ECF No. 22).

The Court granted Delta's request and entered an Amended Scheduling Order on October 9, 2020. (ECF No. 23). Importantly, at the time the Amended Scheduling Order was entered, Mr. Egan had not yet filed a notice of substitution of counsel, and he did not receive the automatic e-filing notice on that basis. Under the Amended Scheduling Order, the final day to serve written discovery was December 28, 2020, and the close of fact discovery January 27, 2021. (ECF No. 23).

On November 5, 2020, Mr. Egan filed a substitution of counsel. (ECF No. 24). Mr. Egan promptly got up to speed on the case, and on December 2, 2020, he served Ms. Finneman's first set of interrogatories and requests for production. (See Ex. B). On December 28, 2020, Delta's counsel requested an extension of the deadline to respond to those requests to January 25, 2021, and Mr. Egan granted that request. (See Ex. C). On January 5, 2021, Mr. Egan served Ms. Finneman's second set of interrogatories and requests for production. (See Ex. D). On February

---

[2] The case Mr. Egan was preparing for was an administrative employment termination appeal and was styled *Joseph McKea v. Uintah County*. (See Ex. A)

[3] Delta took Ms. Finneman's deposition on December 16, 2020.

3

4, 2021, Delta served its responses to the second set of requests, and objected to each and every one of the requests on the grounds that they were not timely served. (See Ex. E).

Mr. Egan immediately searched for the applicable scheduling order, and concluded he never received a copy of the Amended Scheduling Order because it was entered before he filed his substitution of counsel. It is Mr. Egan's standard practice to calendar court-imposed deadlines once he receives a copy of the Court order setting those deadlines. Mr. Egan immediately logged on to PACER and downloaded the Amended Scheduling Order, and then contacted Delta's counsel and requested an extension of the fact discovery period for 60 days for the purpose of taking a Rule 30(b)(6) deposition of Delta, along with depositions of fact witnesses Don McLeish, Marc Stetler, and Niki Alusa. Delta's counsel refused to stipulate to that request, despite Mr. Egan's professional courtesy of granting Delta's requests for extensions of time. (See Ex. F).

## ARGUMENT

### I. Legal Standard for Amending a Scheduling Order and Extending Discovery

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Demonstrating good cause under the rule requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 Fed. Appx. 57, 61 (10th Cir. 2009) (unpublished).

"Whether to extend or reopen discovery is committed to the sound discretion of the trial court." *Vitamins Online, Inc. v. Heartwise, Inc.*, 2016 U.S. Dist. LEXIS 44572, *15-19 (D. Utah, March 31, 2016), citing *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). Under Fed.

R. Civ. P. 6(b), the court may extend discovery for good cause and excusable neglect. The Tenth Circuit has held that district courts should weigh six factors when considering whether to reopen discovery: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence. *Smith*, 834 F.2d at 169.

## II. Application of the *Smith* Factors

### A. The First Three *Smith* Factors Weigh in Favor Extending Discovery

The first three of the Smith factors are easily and quickly addressed:

(1) No trial date has been set, and trial is not imminent;

(2) Delta opposes Finneman's request; and

(3) Delta suffers no prejudice from extending fact discovery by 60 days.

Factors (4)-(6) are analyzed below.

### B. Finneman has been Diligent in Seeking Discovery

Since he entered his appearance in this action, Mr. Egan has familiarized himself with the case, he has prepared for and defended Ms. Finneman's deposition, he has worked to resolve outstanding issues related to Finneman's document production (at Delta's request), and he has propounded two sets of interrogatories and requests for production. It must also be noted that Mr. Egan granted Delta's request for an extension of the discovery period for the purpose of taking Ms. Finneman's deposition, and he granted Delta's request for an extension of time to respond to Finneman's first set of interrogatories and requests for production. Unfortunately and

5

perplexingly, Delta's counsel did not extend that same courtesy to Mr. Egan.[4]

### C. Foreseeability of the Need for Additional Discovery

Mr. Egan has over seven years of experience in litigating employment discrimination cases. He acknowledges that depositions are a critical component of proving a plaintiff's case, and that depositions of employers and fact witnesses are far more effective if conducted after written discovery has been responded to, documents have been produced, and objections have been resolved.

### D. The Depositions Finneman Requests will Lead to the Discovery of Admissible Evidence

Title VII makes it unlawful for employers to discharge any individual, or to otherwise discriminate against any individual, with respect to compensation, terms, conditions, or privileges of employment, because of such individual's sex, race, or color. 42 U.S.C. § 2000e-2(a). Where the Plaintiff seeks to prove discrimination through circumstantial evidence, the burden-shifting framework of *McDonnell Douglas Corp. v. Green* applies.[5] *See, e.g., Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003) ("Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence.")

---

[4] According the Utah Rules of Professionalism and Civility:

> Lawyers shall advise their clients that they reserve the right to determine whether to grant accommodations to other counsel in all matters not directly affecting the merits of the cause or prejudicing the client's rights, such as extensions of time, continuances, adjournments, and admissions of facts. Lawyers shall agree to reasonable requests for extension of time and waiver of procedural formalities when doing so will not adversely affect their clients' legitimate rights.

[5] 411 U.S. 792 (1973)

To her meet her prima facie burden, Finneman must show: (1) she is a member of protected class; (2) she was qualified and satisfactorily performing her job; and (3) her employment was terminated (or she suffered some other adverse employment action) under circumstances giving rise to inference of discrimination. *Salguero v. City of Clovis*, 366 F.3d 1168, 1175 (10th Cir. 2004); *EEOC v. PVNF, LLC*, 487 F.3d 790, 800 (10th Cir. 2007). Finneman's prima facie burden is "not onerous." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

Under the *McDonnell Douglas* framework, once the plaintiff establishes a prima facie case of discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse action. *PVNF, LLC*, 487 F.3d at 800. If the employer meets its burden, the presumption of discrimination/retaliation raised by the prima facie case is rebutted, and the burden shifts back to the plaintiff to show that the employer's proffered reasons are pretextual. *Id.*

The depositions Finneman will take will be a valuable tool in satisfying the elements of her prima facie case. She will elicit testimony to establish that her job performance over 20 years met or exceeded Delta's expectations, and that Delta's termination decision was made under circumstances giving rise to an inference of discrimination. Finneman will also elicit testimony that proves that the allegations underlying the termination decision are false and that Delta did not conduct a competent or objective investigation into the circumstances of her termination, which will lead to a finding of pretext.

In sum, the depositions Finneman seeks will lead to the discovery of admissible evidence.

### E.      Finneman's Request is Supported by Good Cause and Excusable Neglect

"Overall, good cause requires diligence and a conscientious attempt to comply with the Court's scheduling order." *Trujillo v. Rio Aribba Cnty. ex rel. Rio Arriba Cnty. Sheriff's Dep't*, 2016 U.S. Dist. LEXIS 96797, *33-35 (D. Utah, June 15, 2016). The Tenth Circuit has held that the concepts of good cause, excusable neglect, and diligence are related. "The Tenth Circuit . . . has recognized the interrelation between 'excusable neglect' and 'good cause.'" *Pulsecard, Inc. v. Discover Card Servs. Inc.*, 168 F.R.D. 295, 301 (D. Kan. 1996).

The determination whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004). "A court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay) and whether the attorney attempted to correct his action promptly after discovering the mistake." *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005) (citation omitted).

In *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988), the plaintiff's counsel failed to notice that a motion for summary judgment had been filed. After the district court granted summary judgment, the Tenth Circuit reversed, noting:

> A "mistake" was made in her attorney's office in overlooking the motion for summary judgment, a mistake that could occur in any office, no matter how well run. Counsel's mistake was but a single incident, completely unintentional and not contumacious in nature. Further, when the mistake was discovered, counsel acted promptly.

*Id*.

Turning to the present case, in October 2020, Finneman's prior counsel (Mr. Clark) resigned his employment with Stavros Law and Mr. Egan was then tasked with stepping in and

8

getting up to speed in this case. Mr. Egan approved Delta's request for an amended scheduling order while he was preparing for a trial in another case and before he had filed an appearance as counsel in the case. The Amended Scheduling Order was signed and then automatically sent out through the ECF on October 8, 2020. Because Mr. Egan had not yet entered his appearance and was not on the ECF service list, he did not receive the automatic notice, he continued preparing for his trial, and then attended trial. Mr. Egan's mistake of not logging onto PACER, downloading the scheduling order, and then calendaring the deadlines accordingly was one, single, isolated error which occurred while he was preparing for trial (which is a monumental task if it is being done correctly). Mr. Egan has been practicing law for over ten years and this is the first and only occasion when he was overlooked a deadline in a scheduling order. This is not, nor will it ever be, a pattern on Mr. Egan's part.

With Mr. Egan's appearance entered on November 5, 2020, and the final day to serve written discovery being December 28, 2020, Mr. Egan was not left with much time to step in and conduct the discovery necessary to prove up Ms. Finneman's case. As noted above, from the time period following his entry of appearance in this matter, Mr. Egan has diligently propounded written discovery, he met with Ms. Finneman and prepared her for her deposition, and he defended the deposition.

In sum, Finneman's request to extend discovery is supported by good cause and excusable neglect.

## CONCLUSION AND REQUEST FOR RELIEF

For the reasons set forth herein, Ms. Finneman respectfully requests an extension of the fact discovery period by 60 days.

Dated this 5th day of February, 2021.

            STAVROS LAW P.C.

            /s/ Austin B. Egan
            Austin B. Egan
            *Attorney for Aline Finneman*

## **CERTIFICATE OF SERVICE**

I certify that on February 5, 2021, I filed this motion using the Court's ECF system, which sent automatic notice to:

Rick Thaler
David Dibble
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145

            /s/ Austin B. Egan
            Austin B. Egan