# EXHIBIT B

Andrew W. Stavros (8615)
Austin B. Egan (13203)
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: 801.758.7604
andy@stavroslaw.com
austin@stavroslaw.com
*Attorneys for Aline Finneman*

### IN THE UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALINE FINNEMAN, <br><br> Plaintiff, <br><br> vs. <br><br> DELTA AIRLINES, INC., a Delaware Corporation, <br><br> Defendants. | **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT** <br><br> Case No. 2:19-cv-00327-HCN-CMR <br><br> Judge Howard C. Nielson, Jr. <br> Magistrate Judge Cecilia M. Romero |

Plaintiff Aline Finneman ("Finneman"), by and through her attorney of record, and pursuant to Fed. R. Civ. P. 26, 33, and 34, submits her First Set of Interrogatories and Requests for Production to Defendant Delta Airlines, Inc. ("Delta"). Delta's answers and responses must be served to Finneman's counsel, Stavros Law P.C., 8915 South 700 East, Suite 202, Sandy, Utah 84070, within thirty (30) days from the date of service.

### INSTRUCTIONS

1. The scope of these discovery requests is defined by Rule 26(b) of the Federal Rules of Civil Procedure.

1

2. All documents must be produced either in the order in which they are kept in the usual course of business or shall be organized and labeled to correspond with the categories of these Requests.

3. In the event you object to any of these discovery requests, the reasons for the objection shall be stated succinctly and with particularity.

4. If documents are withheld pursuant to a claim of privilege or work product, you must provide a list identifying, for each document, the following: the privilege claimed, the date, subject matter, and location of the document, and the identities of the persons who authored or created the document.

5. The following discovery requests shall be considered continuing and subject to supplementation as defined by the Federal Rules of Civil Procedure. If, after production, you obtain or find additional responsive documents, then you must produce such additional documents in accordance with the Federal Rules of Civil Procedure and these instructions.

## DEFINITIONS

1. "Finneman" refers to Aline Finneman, the Plaintiff in this action.

2. "Delta" refers to Delta Airlines, Inc., the Defendant in this action, and includes its officers, directors, employees, and agents.

3. "You" and "your" refers to Delta.

4. "Communication" means the transmittal of information.

5. "Correspondence" means written communication, including, but not limited to, letters, emails, instant messages, text messages, memoranda, and notes.

6. The term "person" is defined as any natural person or any business, legal or

governmental entity or association.

7. The term "document" has the broadest meaning ascribed to it under the Federal Rules of Civil Procedure, and includes handwritten, typewritten, printed, photocopied, photographic, and recorded matter. The term shall include all communications, whether in words, symbols, pictures, sound recordings, films, tapes, discs, hard-drives, and information stored in, or accessible through, computer or other information storage or retrieval systems. For purposes of illustration and not limitation, the term shall include: correspondence, transcripts, letters, notes, reports, papers, files books, emails, communications sent or received, diaries, calendars, logs, notes, memoranda, term sheets, bulletins, notices, circulars, manuals, announcements, schedules, summaries, checks, vouchers, receipts, ledgers, journals, articles, press releases, charts, drawings, specifications, brochures, studies, tests, and records.

8. "UALD" refers to the Utah Antidiscrimination and Labor Division.

9. "Charge" refers to Finneman's charge filed with the UALD (No. B8-0324).

10. "Position Statement" refers to the letter from Delta to the UALD dated July 6, 2018, and signed by Ryan Langel.

11. "Operations Service Manager" and "OSM" are equal in meaning and scope to the use of those terms in the Position Statement.

All terms not specifically defined herein shall have their usual and ordinary meaning.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify and describe Finneman's job duties and responsibilities while employed with Delta in the time period of June 2016 through February 2018.

**INTERROGATORY NO. 2:** Identify Finneman's supervisor(s) in the time period of June 2016 through February 2018.

**INTERROGATORY NO. 3:** Identify all OSMs who were employed with Delta in the time period of 2014 through 2018 who worked at Delta's Salt Lake City location. For each OSM, identify his/her gender, race, and color.

**INTERROGATORY NO. 4:** Identify the person who made the decision to terminate Finneman's employment, and identify all documents that person relied upon to make the termination decision.

**INTERROGATORY NO. 5:** Identify all applicants for the Administrative OSM position referenced on page three of the Position Statement.

**INTERROGATORY NO. 6:** Identify the person who made the decision to select Todd Monette for the Administrative OSM position referenced on page three of the Position Statement, and identify all documents that person relied on making the selection.

**INTERROGATORY NO. 7:** Identify the person who allegedly complained to Delta's "Ethics & Compliance Helpline" regarding Finneman, as alleged on page four of the position statement.

**INTERROGATORY NO. 8:** Identify and describe Delta's investigation into Finneman's conduct, as alleged on page four of the Position Statement, and identify all

4

individuals involved in the alleged investigation.

**INTERROGATORY NO. 9:** For the OSMs identified in your answer to Interrogatory No. 3, identify each OSM whose employment was terminated, and describe the reasons for each termination.

**INTERROGATORY NO. 10:** For those individuals identified in Finneman's Rule 26 Disclosures (and all supplements thereto) who are no longer employed with Delta, identify each person's last known telephone number, mailing address, and email address.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents identified in Delta's answers to the above Interrogatories, and all document Delta relied upon to prepare its answers.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents identified in Delta's Rule 26 Disclosures, and any amendments or supplements thereto.

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents identified in the Position Statement and all documents Delta relied upon to prepare the Position Statement.

**REQUEST FOR PRODUCTION NO. 4:** Produce Finneman's employee file and/or personnel file for her employment with Delta. This request includes, but is not limited to: performance reviews, job descriptions, written warnings, disciplinary records, awards, and promotions.

**REQUEST FOR PRODUCTION NO. 5:** Produce all employee handbooks, manuals, and any other documents which contain Delta's employment policies applicable to Finneman during her employment with Delta in the time period of 2016 through February 2018. This

5

request includes, but is not limited to, Delta's policies titled "The Way We Fly" and "Rules of the Road."

**REQUEST FOR PRODUCTION NO. 6:** Produce all documents Delta sent or received regarding: (a) applications for the Administrative OSM position referenced on page three of the Position Statement; (b) the decision to select Todd Monette for the position; and (c) the reasons Finneman was not selected for the position.

**REQUEST FOR PRODUCTION NO. 7:** Produce all correspondence Delta sent to or received from the UALD regarding Finneman's Charge or UALD's investigation of the Charge.

**REQUEST FOR PRODUCTION NO. 8:** Produce the "complaint" allegedly submitted to Delta's "Ethics & Compliance Helpline" regarding Finneman, as alleged on page four of the Position Statement.

**REQUEST FOR PRODUCTION NO. 9:** For the alleged "investigation 'referenced on page four the Position Statement, produce all documents created and/or reviewed during that investigation, and all correspondence relating to the investigation.

**REQUEST FOR PRODUCTION NO. 10:** Produce the "surveillance video" of Finneman's conduct, as alleged on page five of the Position Statement.

**REQUEST FOR PRODUCTION NO. 11:** Produce all correspondence Delta received from or sent to Finneman regarding: (a) Delta's failure to select her for the Administrative OSM position in 2017; and (b) her allegations of gender and/or race-based discrimination in 2017 and 2018.

**REQUEST FOR PRODUCTION NO. 12:** Produce all correspondence sent to or received by the individuals listed below which relates or pertains to Finneman in the time period

of February 2017 through February 2018:

| | |
|---|---|
| Marc Stetler | Roland Navarro |
| Don McLeish | Tony Klekas |
| Keith Stowe | Josh Jessop |
| Maria Tonga | Kelley Nabors |
| Niki Alusa | Kit Keller |
| Cory Abbott | |

**REQUEST FOR PRODUCTION NO. 13:** Produce all performance reviews in the time period of 2014-2018 for the OSMs identified in your answer to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 14:** Produce all write-ups, written warnings, performance improvement plans, and other disciplinary records issued in the time period of 2014-2018 to the OSMs identified in your answer to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 15:** Produce all write-ups, written warnings, performance improvement plans, and other disciplinary records issued in the time period of 2014-2018 to the following Delta employees:

| | | |
|---|---|---|
| Ryan Nelson | Brett Larson | Brad Olson |
| Roland Navarro | Tom Broyard | Susan Boyd |
| Lori Brown (Seattle) | Steven Mitchell | Zachary Meyers |
| Lynette Smith | Stacy Glover | Stacy Willis |
| Leonard ("Len") Frig | Terry Vanmetre | William Howard |
| Don McLeish | Shane Mack | Joe Busico |
| Russell Lane | Lowell Withers | Kasia Kampf |
| Keith Stowe | | |

**REQUEST FOR PRODUCTION NO. 16:** Produce documents showing wages and other employment compensation Delta paid or provided to Finneman, including, but not limited to: pay stubs, W2s, deferred compensation, flight benefits, and explanations of benefits. This request is limited to the time period of 2014 through 2018.

7

Dated this 2nd day of December, 2020.

           STAVROS LAW P.C.

           /s/ Austin B. Egan
           Austin B. Egan
           *Attorney for Aline Finneman*

## **CERTIFICATE OF SERVICE**

I certify that on December 2, 2020, I sent the above discovery requests, via email, to:

Rick Thaler
David Dibble
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145

           /s/ Austin B. Egan
           Austin B. Egan

8