# EXHIBIT E

FREDERICK R. THALER (7002)
DAVID B. DIBBLE (10222)
JASCHA K. CLARK (16019)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: rthaler@rqn.com
ddibble@rqn.com
jclark@rn.com

*Attorney for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALINE FINNEMAN, an individual<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIRLINES, INC., a Delaware corporation,<br><br>Defendant. | **ANSWERS AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT**<br><br>Case No.: 2:19-cv-00327<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant Delta Air Lines, Inc. ("Delta") answers and responds to Plaintiff Aline Finneman's ("Plaintiff") Second Set of Interrogatories and Requests for Production to Defendant ("Second Set of Discovery Requests") as follows:

## INTERROGATORIES

**INTERROGATORY NO. 11:** Identify Finneman's "confidential sine for her nonrevenue travel," as alleged in the Position Statement.

**ANSWER**: Delta objects to this Interrogatory because it is untimely under the deadlines set forth in the Amended Scheduling Order. Plaintiff served her Second Set of Discovery Requests on Delta on January 5, 2021, after the December 28, 2020 deadline to serve written discovery. In addition, the deadline for Delta to respond to the Second Set of Discovery Requests was February 4, 2021, after the January 27, 2021 close of fact discovery. Thus, the Second Set of Discovery Requests were further untimely as they did not allow Delta thirty days to serve its response within the discovery period.

**INTERROGATORY NO. 12:** Identify the weight of the plane for Finneman's flight from Salt Lake City to Portland, Oregon on December 17, 2017, and identify the maximum weight permitted for that flight.

**ANSWER**: Delta objects to this Interrogatory because it is untimely under the deadlines set forth in the Amended Scheduling Order. Plaintiff served her Second Set of Discovery Requests on Delta on January 5, 2021, after the December 28, 2020 deadline to serve written discovery. In addition, the deadline for Delta to respond to the Second Set of Discovery Requests was February 4, 2021, after the January 27, 2021 close of fact discovery. Thus, the Second Set of Discovery Requests were further untimely as they did not allow Delta thirty days to serve its response within the discovery period. Delta further objects to this Interrogatory because it exceeds the scope of Rule 26(b) of the Federal Rules of Civil Procedure and requests information that is neither relevant nor reasonably related to any claim or defense in this matter.

Plaintiff violated Delta policy on December 17, 2017, irrespective of the weight of her flight or the maximum weight permitted for that flight.

INTERROGATORY NO. 13: Identify all OSMs in Delta's Salt Lake City location who have checked themselves into flights in the time period of 2015 through 2018. Your answer should include each OSM's name, the date he/she checked into the flight, and all documents showing or pertaining to the check-in process.

**ANSWER**: Delta objects to this Interrogatory because it is untimely under the deadlines set forth in the Amended Scheduling Order. Plaintiff served her Second Set of Discovery Requests on Delta on January 5, 2021, after the December 28, 2020 deadline to serve written discovery. In addition, the deadline for Delta to respond to the Second Set of Discovery Requests was February 4, 2021, after the January 27, 2021 close of fact discovery. Thus, the Second Set of Discovery Requests were further untimely as they did not allow Delta thirty days to serve its response within the discovery period. Delta further objects to this request to the extent that responding would create an undue and disproportionate burden on Delta.

## REQUEST FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 17: Produce all documents which show, relate, or pertain to Finneman checking in overweight bags and manually entering the weight of each bag as exactly 50 pounds on December 17, 2017.

**ANSWER**: Delta objects to this Request because it is untimely under the deadlines set forth in the Amended Scheduling Order. Plaintiff served her Second Set of Discovery Requests on Delta on January 5, 2021, after the December 28, 2020 deadline to serve written discovery. In addition, the deadline for Delta to respond to the Second Set of Discovery Requests was

February 4, 2021, after the January 27, 2021 close of fact discovery.  Thus, the Second Set of Discovery Requests were further untimely as they did not allow Delta thirty days to serve its response within the discovery period.

REQUEST FOR PRODUCTION NO. 18:  Produce all documents which show, relate, or pertain to the weight of Finneman's bags on December 17, 2017.  This request includes, but it not limited to, Finneman's baggage tags.

ANSWER:    Delta objects to this Request because it is untimely under the deadlines set forth in the Amended Scheduling Order.  Plaintiff served her Second Set of Discovery Requests on Delta on January 5, 2021, after the December 28, 2020 deadline to serve written discovery.  In addition, the deadline for Delta to respond to the Second Set of Discovery Requests was February 4, 2021, after the January 27, 2021 close of fact discovery.  Thus, the Second Set of Discovery Requests were further untimely as they did not allow Delta thirty days to serve its response within the discovery period.

REQUEST FOR PRODUCTION NO. 19:  Produce all documents which show, relate, or pertain to Delta's termination of Niki Alusa's sister, and the reasons for the termination decision.

ANSWER:    Delta objects to this Request because it is untimely under the deadlines set forth in the Amended Scheduling Order.  Plaintiff served her Second Set of Discovery Requests on Delta on January 5, 2021, after the December 28, 2020 deadline to serve written discovery.  In addition, the deadline for Delta to respond to the Second Set of Discovery Requests was February 4, 2021, after the January 27, 2021 close of fact discovery.  Thus, the Second Set of Discovery Requests were further untimely as they did not allow Delta thirty days to serve its response within the discovery period.  Delta further objects to this Request because it exceeds the

scope of Rule 26(b) of the Federal Rules of Civil Procedure and requests information that is neither relevant nor reasonably related to any claim or defense in this matter. The disciplinary records of Niki Alusa's sister are not relevant to Plaintiff's claim that Plaintiff was terminated in February 2018 because of her gender, race, and color. Niki Alusa's sister worked in a different position, reported to different supervisors, and was not accused of committing the same misconduct as Plaintiff. The requested information does nothing to show whether Plaintiff violated Delta policy and was subsequently terminated for her violation of that policy. Furthermore, production of the requested information would also constitute an unwarranted invasion of privacy, particularly given the lack of relevance to this matter.

**REQUEST FOR PRODUCTION NO. 20**: Produce all documents which show, relate, or pertain to Delta's termination of Uinie Thomas, and the reasons for the termination decision.

**ANSWER**: Delta objects to this Request because it is untimely under the deadlines set forth in the Amended Scheduling Order. Plaintiff served her Second Set of Discovery Requests on Delta on January 5, 2021, after the December 28, 2020 deadline to serve written discovery. In addition, the deadline for Delta to respond to the Second Set of Discovery Requests was February 4, 2021, after the January 27, 2021 close of fact discovery. Thus, the Second Set of Discovery Requests were further untimely as they did not allow Delta thirty days to serve its response within the discovery period. Delta further objects to this Request because it exceeds the scope of Rule 26(b) of the Federal Rules of Civil Procedure and requests information that is neither relevant nor reasonably related to any claim or defense in this matter. The disciplinary records of Uinie Thomas are not relevant to Plaintiff's claim that she was terminated in February 2018 because of her gender, race, and color. The disclosure of the requested information will in

no way demonstrate whether Plaintiff was unlawfully terminated, particularly where the request is not limited to a similarly situated employee.  Production of the requested information would also constitute an unwarranted invasion of privacy for the individual, particularly given the lack of relevance to this matter.

REQUEST FOR PRODUCTION NO. 21:  Produce all documents showing communications between Niki Alusa and Lani Latu in the time period of 2016 through 2017 which refer to or pertain to:  (a) Finneman; or (b) Delta's termination of Niki Alusa's sister.

**ANSWER**:    Delta objects to this Request because it is untimely under the deadlines set forth in the Amended Scheduling Order.  Plaintiff served her Second Set of Discovery Requests on Delta on January 5, 2021, after the December 28, 2020 deadline to serve written discovery.  In addition, the deadline for Delta to respond to the Second Set of Discovery Requests was February 4, 2021, after the January 27, 2021 close of fact discovery.  Thus, the Second Set of Discovery Requests were further untimely as they did not allow Delta thirty days to serve its response within the discovery period.  Delta further objects to this request to the extent that responding would create an undue burden based on the disproportionate costs associated with identifying, collecting, processing, searching for, and reviewing the requested information from the individuals listed above.  This is particularly true given that the foregoing individuals are not likely to have responsive information reasonably related to the claims and defenses in this case.  Indeed, neither individual was involved in the decision to terminate Plaintiff's employment.  And Delta previously produced the witness statement from Niki Alusa, which Delta presently understands is the entirety of their responsive information.  Furthermore, as set forth in Delta's

response to Request No. 19, any communications regarding the termination of Niki Alusa's sister are neither relevant nor reasonably related to any claim or defense in this matter.

DATED this 4th day of February, 2021.

                                                  RAY QUINNEY & NEBEKER P.C.

                                                  */s/ David B. Dibble*
                                                  Frederick R. Thaler
                                                  David B. Dibble
                                                  Jascha K. Clark
                                                  *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of February, 2021, I caused a true and correct copy of the foregoing **ANSWERS AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT** to be sent to the following via email:

>Andrew W. Stavros
>Austin Egan
>Andrew Fox
>STAVROS LAW P.C.
>8915 South 700 East, Suite 202
>Sandy, Utah 84070
>andy@stavroslaw.com
>austin@stavroslaw.com
>fox@stavroslaw.com

>/s/ Doris Van den Akker

1556177