Andrew W. Stavros (8615)
Austin B. Egan (13203)
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: 801.758.7604
andy@stavroslaw.com
austin@stavroslaw.com
*Attorneys for Aline Finneman*

### IN THE UNITED STATES DISTRICT COURT IN AND FOR
### THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALINE FINNEMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>DELTA AIRLINES, INC., a Delaware Corporation,<br><br>    Defendants. | **PLAINTIFF'S SHORT FORM DISCOVERY MOTION**<br><br>Case No. 2:19-cv-00327-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Cecilia M. Romero |

Pursuant to DUCivR 37-1, Plaintiff Aline Finneman submits her Short Form Discovery Motion.[1]

### **THE RELIEF SOUGHT**

Finneman requests an order overruling Delta's objections to her interrogatory nos. 3 and 9 and her requests for production ("RFP") nos. 13-15, and an order directing Delta to provide responsive documents and information. Delta's objections are filed herewith as Exhibit A.

---

[1] "Finneman" refers to Plaintiff Aline Finneman, and "Delta" refers to Defendant Delta Airlines, Inc.

1

## CERTIFICATION

Finneman's counsel (Austin Egan) certifies that sent a letter to Delta's counsel on February 8, 2021 and then spoke with Delta's counsel (Mr. Dibble) on the phone on February 12, 2021.

## ARGUMENT

Finneman asserts claims for relief against Delta for employment discrimination on the basis of sex (female), race (Filipino/Asian), and color (brown skin) in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, *et seq*. Finneman also asserts a claim for retaliation in violation of Title VII.

Parties may obtain discovery regarding nonprivileged matters that are relevant and proportional. *See* Fed. R. Civ. P. 26(b)(1). In Title VII cases, comparator evidence—that similarly-situated employees outside of the plaintiff's protected class were treated more favorably—is relevant evidence of discrimination at the prima facie stage. *See, e.g., EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 800-801 (10th Cir. 2007). It is also relevant to prove pretext. *See, e.g. Trujillo v. PacifiCorp*, 524 F.3d 1149, 1158 (10th Cir. 2008). To be a "comparator," the employee does not need to report to the same supervisor. *See, e.g., Smothers v. Solvay Chemicals, Inc*., 740 F.3d 530, 540 (10th Cir. 2014).

Finneman's requested discovery seeks relevant comparator evidence. Interrogatory nos. 3 and 9 seek identification of those employees who are outside of Finneman's protected classes, who from that group was terminated, and the reasons for each termination. Finneman's RFP nos. 13-15 seek production of performance reviews and written discipline issued to Finneman's comparators. If an employee outside of Finneman's protected classes engaged in conduct of

comparable seriousness to what Finneman was accused of, and the employee was ***not*** terminated, that is compelling circumstantial evidence that Delta's decision to terminate Finneman was based on discriminatory intent rather than a legitimate, non-discriminatory reason.[2]

Finneman's requested discovery is proportional. The amount in controversy is well over $100,000. Finneman cannot obtain the requested discovery from any other source that is more convenient or less expensive. The importance of the requested discovery is tremendous. Our Supreme Court has noted that circumstantial evidence of discrimination is not only sufficient, "but may also be more certain, satisfying and persuasive than direct evidence." *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003).

## **CONCLUSION**

For the reasons set forth herein, Delta's objections should be overruled, and Delta should be ordered to produce responsive documents and information.

Dated this 16th day of February, 2021.

                        STAVROS LAW P.C.

                        /s/ Austin B. Egan
                        Austin B. Egan
                        *Attorney for Aline Finneman*

---

[2] Delta has accused Finneman of "falsifying a record" in violation of its employment policies discussing "honesty" and "integrity." Delta has also claimed that Finneman's conduct violated its safety policies.

## **CERTIFICATE OF SERVICE**

I certify that on February 16, 2021, I filed this motion using the Court's ECF system, which sent automatic notice to:

Rick Thaler
David Dibble
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145

/s/ Austin B. Egan
Austin B. Egan