Andrew W. Stavros (8615)
Austin B. Egan (13203)
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: 801.758.7604
andy@stavroslaw.com
austin@stavroslaw.com
*Attorneys for Aline Finneman*

# IN THE UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALINE FINNEMAN,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIRLINES, INC., a Delaware Corporation,<br><br>Defendants. | **PLAINTIFF'S OBJECTION TO MAGISTRATE'S ORDER ON SHORT FORM DISCOVERY MOTION (ECF No. 40)**<br><br>Case No. 2:19-cv-00327-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Cecilia M. Romero |

Plaintiff Aline Finneman, by and through her counsel, and pursuant to Fed. R. Civ. P. 72, submits her objection to the Honorable Magistrate's order on her short form discovery motion.[1]

## THE RELIEF SOUGHT

Finneman requests an order overruling Delta's objections to her interrogatory nos. 3 and 9 and her requests for production ("RFP") nos. 13-15, and an order directing Delta to provide responsive documents and information. Delta's objections are filed herewith as Exhibit A.

---

[1] "Finneman" refers to Plaintiff Aline Finneman, and "Delta" refers to Defendant Delta Airlines, Inc.

1

**INTRODUCTION**

Finneman was previously employed with Delta as an Operations Service Manager ("OSM") at the Salt Lake International Airport. On or about February 3, 2018, Delta terminated Finneman's employment, and by that time, she had over 20 years of service working for Delta. After exhausting her administrative remedy with the Utah Labor Commission (UALD), Finneman filed this action, wherein she asserts claims for relief against Delta for employment discrimination on the basis of sex (female), race (Filipino/Asian), and color (brown skin) in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, *et seq*. Finneman also asserts a claim for retaliation in violation of Title VII.

On January 25, 2021, Delta served its responses to Finneman's first set of interrogatories and requests for production. (See Ex. A). On February 8, 2021, in accordance with DUCivR 37-1, Finneman sent Delta a letter challenging several of its objections and requesting a time to meet and confer. The parties conferred by telephone on February 12, 2021 but could not reach a resolution. On February 16, 2021, Finneman filed her short form discovery motion pursuant to DUCivR 37-1. (ECF No. 27). Delta filed its memorandum in opposition on February 22, 2021. (ECF No. 29). Under DUCivR 37-1, no reply memorandum is permitted. Both parties requested a hearing and oral argument on the motion.

On March 11, 2021, without hearing oral argument, the Honorable Magistrate issued her order on Finneman's motion, "granting in part and denying in part." (ECF No. 40). The Magistrate concluded Delta's objections to interrogatory nos. 3 and 9 and her requests for production ("RFP") nos. 13-15 are "well taken and supported by the case law." (Id. at p. 3). The Magistrate further concluded that Finneman "is entitled to information for employees who are

2

similarly situated to [her]," and noted Delta's offer to:

> "[I]dentify all OSMs who reported to the same supervisors, and who were disciplined and/or terminated between 2016 and 2018 (Plaintiff's tenure in SLC with Delta) for the same broad category of policy violation as Finneman, i.e., "waiver or favor" violations which include, but are not limited to: waiving fare rules; extending ticketing deadlines; failing to collect change or refund fees; waiving bag fees (like Finneman); reassigning seats in ineligible classes of service; overbooking; and improper upgrades and fare adjustments."

(ECF 40 at pp. 4-5, quoting ECF No. 29).

The Magistrate ordered the parties to again meet and confer within five days "on the scope of this Order against the offer made by Defendant in the opposition." (Id. at p. 5). Finneman's counsel complied with the Magistrate's order and timely conferred with Delta's counsel, and as Finneman's counsel understands it, Delta will be producing the above-referenced information.

Finneman objects to the Magistrate's order, which improperly limited the scope of comparator evidence in this action.

## ARGUMENT

### I.  Legal Standards for Discovery in Employment Discrimination Cases

Parties may obtain discovery regarding nonprivileged matters that are relevant and proportional. *See* Fed. R. Civ. P. 26(b)(1). "Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to a party's claim or defense." *Dutcher v. Bold Films LP*, No. 2:15-cv-110-DB-PMW, 2017 WL 1901418, at *1 (D. Utah May 8, 2017) (citation and internal quotation marks omitted). In employment discrimination cases, it is "well established" that the scope of discovery is "particularly broad." *Swackhammer v. Sprint Corp.*

3

*PCS*, 225 F.R.D. 658, 661-62 (D. Kan. 2004).

Because Finneman seeks to prove her claims through circumstantial evidence, the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) applies. *See, e.g., Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003) ("Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence.") (internal citation omitted). To her meet her prima facie burden, Finneman must show: (1) she is a member of protected class; (2) she was qualified and satisfactorily performing her job; and (3) her employment was terminated under circumstances giving rise to inference of discrimination. *Salguero v. City of Clovis*, 366 F.3d 1168, 1175 (10th Cir. 2004); *EEOC v. PVNF, LLC*, 487 F.3d 790, 800 (10th Cir. 2007).[2]

Under the *McDonnell Douglas* framework, once the plaintiff establishes a prima facie case of discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse action. *PVNF*, 487 F.3d at 800. If the employer meets its burden, the presumption of discrimination/retaliation raised by the prima facie case is rebutted, and the burden shifts back to the plaintiff to show that there is a genuine issue of material fact as to whether the employer's proffered reasons are pretextual. *Id*. The same is true of retaliation claims. *Pinkerton v. Colo. Dept. of Transp.*, 563 F.3d 1052, 1063 (10th Cir. 2009).

In Title VII cases (like the instant case), comparator evidence—that similarly-situated employees outside of the plaintiff's protected class were treated more favorably—is relevant evidence of discrimination at the prima facie stage. *See, e.g., PVNF*, 487 F.3d at 800-801. It is

---

[2] At the prima facie stage, Finneman is "only required to raise an inference of discrimination, not dispel the non-discriminatory reasons subsequently proffered by the defendant." *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1193 (10th Cir. 2000).

4

also relevant to prove pretext. *See, e.g. Trujillo v. PacifiCorp*, 524 F.3d 1149, 1158 (10th Cir. 2008). In evaluating whether another employee is a "comparator" for evidence of discrimination, the employee must have been "similarly situated," which means they were subject to the same standards governing performance evaluation and discipline, and were engaged in conduct of comparable seriousness. *PVNF*, 487 F.3d at 801.

Similarly situated employees are those who have similar jobs, are subject to similar performance standards and report to the similar chain of command. *McGowan v. City of Eufala*, 472 F.3d 736, 745 (10th Cir. 2006). Absolute congruence between the plaintiff and the comparator is not necessary. *Smothers v. Solvay Chemicals, Inc.*, 740 F.3d 530, 541 (10th Cir. 2014).

## II. Finneman's Requested Discovery is Relevant and Proportional

Finneman's requested discovery seeks relevant comparator evidence. Interrogatory nos. 3 and 9 seek identification of those employees who are outside of Finneman's protected classes, who from that group was terminated, and the reasons for each termination. Finneman's RFP nos. 13-15 seek production of performance reviews and written discipline issued to Finneman's comparators. If an employee outside of Finneman's protected classes engaged in conduct of comparable seriousness to what Finneman was accused of, and the employee was ***not*** terminated, that is compelling circumstantial evidence that Delta's decision to terminate Finneman was based on discriminatory intent rather than a legitimate, non-discriminatory reason.[3] And for the reasons set forth below, Finneman's requested comparator discovery must not be limited to the "same

---

[3] Delta has accused Finneman of "falsifying a record" in violation of its employment policies discussing "honesty" and "integrity." Delta has also claimed that Finneman's conduct violated its safety policies.

5

supervisor."

Finneman's requested discovery is proportional. The amount in controversy is well over $100,000. Finneman cannot obtain the requested discovery from any other source that is more convenient or less expensive. The importance of the requested discovery is tremendous. Upon proving that comparator employees outside of her protected class engaged in conduct of comparable seriousness but their employment was ***not*** terminated, Finneman will have powerful and persuasive circumstantial evidence showing that the decision to terminate her employment was predicated on her race and/or gender rather than any performance-based reason.

### III. Comparator Evidence is Not Limited to the Same Supervisor

In the Hon. Magistrate's Order, she incorrectly concluded that to be "similarly-situated," the employee must report to the same supervisor. (ECF No. 40 at p. 3). That is an incorrect conclusion of law.[4] The authority cited below shows that a comparator does not necessarily need to report to the same supervisor.

***Smothers v. Solvay Chemicals, Inc.*, 740 F.3d 530 (10th Cir. 2014)**: *Smothers* involved the plaintiff-employee's claims brought under the FMLA and ADA. The employer claimed it used "group decision making" to discipline employees for safety violations, and that the plaintiff was improperly relying on comparator evidence of decisions made by groups composed of different members from those in the group who disciplined the plaintiff. *Id.* at 541. The Tenth Circuit rejected the employer's argument, and noted the following:

---

[4] In her short form motion, Finneman was capped at 500 words pursuant to DUCivR 37-1, and request for oral argument was denied. Thus, she was prevented from identifying the substantial authority cited in this objection.

6

> Although there is no clear legal rule as to how much overlap is needed among decision maker groups for employees to be similarly situated, requiring absolute congruence would too easily enable employers to evade liability for violation of federal employment laws.
>
> When comparing different treatment of similarly-situated employees, the comparison need not be based on identical violations of identical work rules; the violations need only be of comparable seriousness.

*Id*. (internal citations omitted)

In the order denying Finneman's motion, the Hon. Magistrate claimed that *Smothers* was inapplicable because "nothing in the Plaintiff's Complaint suggests the decision to terminate her was a group decision." (ECF No. 40 at p. 4). That conclusion is incorrect. According to Delta's answer to interrogatory no. 4, the decision to terminate Finneman's employment was "based upon the recommendation and review by several individuals, namely Don McLeish, Tony Klekas, Kelley Nabors, and Josh Jessup, following an investigation into Finneman's serious misconduct." (See Ex. A, Answer to Interrogatory No. 4). In other words, Delta is claiming that the termination decision in this case was made by a group of individuals, just as it was in *Smothers*.

Delta cannot have it both ways. It cannot limit discovery only to those individuals who only worked under Mr. McLeish's supervision, but also simultaneously claim that a group of individuals made the termination decision. If Delta is claiming "group decision making," then discovery must be expanded to other employees who did not directly report to Mr. McLeish. At a minimum, the scope of permissible discovery should be expanded to all OSMs who were employed with Delta in the time period of 2014 through 2018 who worked at Delta's Salt Lake City location. (See Ex. A, Finneman's interrogatory no. 3).

***Spulak v. KMart Corp.*, 894 F.2d 1150 (10th Cir. 1990):** Spulak involved a plaintiff's

7

claims brought under the Age Discrimination in Employment Act (ADEA). The Court permitted testimony from employees who worked at a different retail department store than the store where the plaintiff worked. *Id.* at 1156. "As a general rule, the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent." *Id.*

***Gossett v. Okla. ex rel. Bd. of Regents for Langston Univ*., 245 F.3d 1172 (10th Cir. 2001):** In Gossett, the employee brought a claim for discrimination under Title VII. Again, the court concluded that the plaintiff-employee was not limited to presenting evidence of comparators reporting to the same supervisor:

> When, as here, the plaintiff contends he is the victim of the discriminatory application of a facility-wide policy and has other evidence of that policy, however, we have specifically held that the failure of the plaintiff and affiant to share the same supervisor does not preclude the consideration of that evidence of disparate treatment.

*Id*. at 1177-1178 (internal citations omitted)

Turning to the present case, Finneman is claiming that in Salt Lake City, Delta engages in a policy of hiring and promoting white males, that females are not provided with the same opportunities, and that Finneman was not "part of the boys club." (See Compl., ECF No. 2, at ¶¶ 16-21). More directly stated, Finneman is alleging that Delta's Salt Lake City operations are infected by a discriminatory policy that favors white males. Limiting discovery only to those who reported to the same supervisor (Mr. McLeish) is improper in this context.

### IV.     Comparator Evidence is Not Limited to Identical Conduct

Delta claims it terminated Finneman's employment because she deliberately "waived" an overweight baggage fee for herself on a "nonrevenue flight," allegedly in violation of Delta's workplace policies. (Finneman aggressively denies that allegation.) In the Hon. Magistrate's

order, the scope of conduct subject to discovery is limited to what Delta has offered to provide:

> "[W]aiver or favor" violations which include, but are not limited to: waiving fare rules; extending ticketing deadlines; failing to collect change or refund fees; waiving bag fees (like Finneman); reassigning seats in ineligible classes of service; overbooking; and improper upgrades and fare adjustments."

(ECF No. 40 at p. 5).

In evaluating comparator evidence, the alleged workplace violations at issue do not have to be identical, but they do need to be of comparable seriousness. *Elmore v. Capstan, Inc*., 58 F.3d 525, 530 (10th Cir. 1995); *see also, Smothers, supra*, at 541. The Hon. Magistrate's order incorrectly limits the scope of conduct to *precisely* to what Delta wanted. Rather than limit discovery to specific types of conduct, the scope of permissible discovery should include conduct that allegedly violated three of Delta's policies, titled "The Way We Fly," the "Rules of the Road," and Delta's "Code of Ethics." These three policies were exhibits that were discussed with Finneman in her deposition, and accordingly, the scope of comparator evidence should logically be extended to those three policies.

Here, Finneman emphasizes that at this stage in the litigation, the question is one of discoverability, not admissibility. Finneman does not contend that every single policy violation by an OSM is ***admissible*** comparator evidence at trial. Instead, Finneman is asking for discovery into conduct of policy violations, thereby permitting her to evaluate what conduct is similar to what she was accused of, and what conduct is not. It would be improper to permit Delta to unilaterally decide what policy violations are "similar" to what Finneman was accused of and what policy violations are dissimilar. Instead, the scope of discovery should be expanded to permit Finneman to argue what conduct is substantially similar to what she was accused of. The decision is not Delta's to unilaterally make. Finneman emphasizes whether a specific employee

9

is a similarly situated comparator is a question of fact for the jury to decide. *Srail v. Village of Lisl*e, 588 F.3d 940, 945 (7th Cir. 2009); *Bobo v. U.P.S., Inc*., 665 F.3d 741, 757 (6th Cir. 2012).

## CONCLUSION

For the reasons set forth herein, Delta's objections to interrogatory nos. 3 and 9 and RFP nos. 13-15 should be overruled. Finneman respectfully requests that Delta be ordered to provide responsive documents and information within 15 days.

Dated this 23rd day of March, 2021.

        STAVROS LAW P.C.

        /s/ Austin B. Egan
        Austin B. Egan
        *Attorney for Aline Finneman*

## CERTIFICATE OF SERVICE

I certify that on March 23, 2021, I filed this objection using the Court's ECF system, which sent automatic notice to:

Rick Thaler
David Dibble
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145

        /s/ Austin B. Egan
        Austin B. Egan