FREDERICK R. THALER (7002)
DAVID B. DIBBLE (10222)
JASCHA K. CLARK (16019)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone:  (801) 532-1500
Facsimile: (801) 532-7543
Email:  rthaler@rqn.com
        ddibble@rqn.com
        jclark@rqn.com

*Attorneys for Defendant*

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| ALINE FINNEMAN, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., a Delaware corporation,<br><br>    Defendant. | **OPPOSITION TO PLAINTIFF'S OBJECTION TO MAGISTRATE'S ORDER ON SHORT FORM DISCOVERY MOTION**<br><br>Case No.: 2:19-cv-00327<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

Defendant Delta Air Lines, Inc. ("**Delta**") respectfully submits this Opposition to the Objection to Magistrate's Order on Short Form Discovery Motion ("**Objection**") filed by Plaintiff Aline Finneman ("**Plaintiff**").

## INTRODUCTION

Between 2016 and 2018, Plaintiff worked as an Operations Service Manager for Delta in Salt Lake City.  Plaintiff was ultimately terminated in February 2018 after inappropriately waiving the overweight bag fees for two of her own bags when traveling as a non-revenue passenger.  At Delta, this is one type of "waiver or favor" violation,  which refers to a broad category of policy violations including:  waiving fare rules; extending ticketing deadlines; failing to collect change or refund fees; waiving bag fees (like Plaintiff); reassigning seats in ineligible classes of service; overbooking; and improper upgrades and fare adjustments.  Delta also concluded that Plaintiff was not truthful in its investigation regarding her misconduct.

Based on the foregoing, it is clear that, as a matter of law, the class of employees who are "similarly situated" to Plaintiff—i.e., those about whom Plaintiff may seek discovery—are other Operations Service Managers, who worked for Delta in Salt Lake City between 2016 and 2018, who reported to the same supervisor as Plaintiff, and who were disciplined or terminated for a waiver or favor violation.  Delta has now produced to Plaintiff information regarding all employees who meet that criteria and Plaintiff is not entitled to any further information.

## STATEMENT OF FACTS

1.      Between 2016 and 2018, Plaintiff worked as an Operations Service Manager ("**OSM**") for Delta in Salt Lake City.  During that time, Plaintiff reported to two different

supervisors – Keith Stowe (June 2016 through November 1, 2017) and Don McLeish (November 2, 2017 through February 2018).

2.      Plaintiff was terminated in February 2018 after Delta learned that she had engaged in serious misconduct.  Specifically, Plaintiff had committed one type of "waiver or favor" violation by inappropriately waiving the overweight bag fees for two of her own bags when traveling as a non-revenue passenger on December 17, 2017.  Delta also concluded that Plaintiff was not truthful in a subsequent investigation regarding her misconduct.

3.      On December 2, 2020, Plaintiff served her first set of discovery requests ("**Discovery Requests**").  Pursuant to those Discovery Requests, Plaintiff requested that Delta "[i]dentify all OSMs who were employed with Delta in the time period of 2014 through 2018 who worked at Delta's Salt Lake City location. For each OSM, identify his/her gender, race, and color."  (*See* Objection, Ex. A at 3, Interrogatory No. 3.)

4.      Plaintiff also requested that Delta, for each OSM identified in response to Interrogatory No. 3, "identify each OSM whose employment was terminated, and describe the reasons for each termination."  (*Id.* at 5, Interrogatory No. 9.)

5.      Plaintiff also requested that Delta produce all:

- "performance reviews in the time period of 2014-2018 for the OSMs identified in your answer to Interrogatory No. 3";
- "write-ups, written warnings, performance improvement plans, and other disciplinary records issued in the time period of 2014-2018 to the OSMs identified in your answer to Interrogatory No. 3"; and
- "write-ups, written warnings, performance improvement plans, and other disciplinary records issued in the time period of 2014-2018" for an enumerated list of twenty-two Delta employees.

(*Id.* at 10-11, Request for Production Nos. 13-15.)

6.     Delta subsequently objected to Interrogatory Nos. 3 and 9, and Request for Production Nos. 13-15 for, among other things, seeking irrelevant information because they were not limited to similarly situated employees.  (*Id.* at 3, 5-6, 10-12.)  Nevertheless, during a meet and confer regarding Delta's objections, Delta agreed to produce information regarding all similarly situated employees, not knowing then how many similarly situated employees existed.

7.     Plaintiff subsequently filed a short form discovery motion.  (Dkt. No. 27.)  The Court granted that motion in part, and denied it in part (the "**Magistrate's Order**").  As is relevant to Plaintiff's Objection, the Magistrate's Order defined employees "similarly situated" to Plaintiff as those:

> OSMs who reported to the same supervisors, and who were disciplined and/or terminated between 2016 and 2018 (Plaintiff's tenure in SLC with Delta) for the same broad category of policy violation as [Plaintiff], i.e., "waiver or favor" violations which include, but are not limited to: waiving fare rules; extending ticketing deadlines; failing to collect change or refund fees; waiving bag fees (like [Plaintiff]); reassigning seats in ineligible classes of service; overbooking; and improper upgrades and fare adjustments.

(Dkt. No. 40 at 5.)

8.     On March 23, 2021, Plaintiff filed her Objection, asking the Court to overrule the Magistrate's Order and Delta's objections to Interrogatory Nos. 3 and 9, and Request for Production Nos. 13-15.  (Dkt. No. 43.)

9.     On March 26, Delta supplemented its responses to Plaintiff's Discovery Requests. Specifically, after the Court confirmed the proper parameters of who could be considered similarly situated to Plaintiff under applicable case law, Delta examined its records and found that Plaintiff was the only OSM in Salt Lake City between 2016 and 2018 who was disciplined/terminated for a "waiver or favor" violation.

**ARGUMENT**

## I.   STANDARD OF REVIEW

Pursuant to Rule 72(a), a reviewing district court must defer to the magistrate judge's decision unless it is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a).  To overturn the magistrate judge's decision as clearly erroneous, the reviewing court must have "a definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir. 1988).  To be clearly erroneous, "a decision must strike [the court] as more than just maybe or probably wrong; it must ... strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish."  *Menzies v. Friel,* No. 03 CV 0092 JC/KBM, 2005 WL 2138653, at *1 (D. Utah Sept. 1, 2005) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.,* 866 F.2d 228, 233 (7th Cir. 1988)).

## II.   DISCOVERY IN EMPLOYMENT DISCRIMINATION CASES.

To be discoverable under the Federal Rules of Civil Procedure, a matter must be (1) non-privileged, (2) relevant to a party's claim or defense, <u>and</u> (3) proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Further, while the scope of discovery may be broad in employment discrimination cases, that "scope is not unlimited."  *Abouelenein v. Kansas City Kansas Cmty. Coll.*, No. 18-2670-DDC, 2020 WL 1124396, at *2 (D. Kan. Mar. 6, 2020).

Although the preferential treatment of employees outside of a plaintiff's protected class may be relevant to a discrimination claim, such information can <u>only</u> be relevant if the plaintiff and the other employee are "similarly situated."[1]  *Kalka v. Nat'l Am. Ins. Co.*, No. CIV-07-708-

---

[1]  Even if no similarly situated comparators exist, a Title VII plaintiff may still prove their discrimination claim via several other avenues.  *See, e.g.*, *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1196 (10th Cir. 2011); *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000).

C, 2009 WL 203915, at *1 (W.D. Okla. Jan. 26, 2009) (denying discovery request "[b]ecause the information about employees who are not similarly situated to Plaintiff lacks any relevance in proving or disproving her claims").

As the Tenth Circuit has made clear, "[i]ndividuals are considered 'similarly-situated' when they deal with the same supervisor, are subjected to the same standards governing performance evaluation and discipline, and have engaged in conduct of 'comparable seriousness.'" *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 801 (10th Cir. 2007) (citing *McGowan v. City of Eufala*, 472 F.3d 736, 745 (10th Cir. 2006)); *see also Ade v. Conklin Cars Salina, LLC*, 800 F. App'x 646, 651 (10th Cir. 2020) (similarly situated employees are those "nonprotected employees who violated work rules of comparable seriousness" and who share "the *same supervisor*, [are] subject to the same performance standards, and otherwise face comparable relevant employment circumstances" (emphasis added)); *Mendell v. Brennan*, No. 2:18-CV-726 TS, 2020 WL 7323369, at *3 (D. Utah Dec. 11, 2020) ("In the Tenth Circuit, similarly situated employees are those who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline.").[2]

---

[2] Only where an employee is terminated as a result of a group decision, the "same supervisor" requirement may be expanded to the same "decision maker." *Smothers v. Solvay Chemicals, Inc.*, 740 F.3d 530, 540 (10th Cir. 2014). Even in such limited circumstances, to be considered relevant, the comparator employee must still meet the other "similarly situated" requirements. *Id.* at 541.

Notably, without justification, Plaintiff attempts to expand the "same supervisor" requirement such that it would reach employees who "report to the similar chain of command." (Objection at 5 (citing *McGown*).) That position is not supported by the case cited by Plaintiff, or by any other case. In fact, *McGown* specifically states that "[s]imilarly situated employees are those who deal with the same supervisor . . . ." *McGowan*, 472 F.3d at 745.

Further, although Plaintiff attempts to improperly expand similarly situated employees to include all individuals who "directly reported" to any of the four individuals involved in the decision to terminate Plaintiff, only one of those individuals – Don McLeish, directly supervised OSMs. Thus, the fact that two members of Delta's HR department (Kelley Nabors and Josh Jessup) and a senior manager (Tony Klekas) consulted on Mr. McLeish's termination recommendation does not affect the scope of Delta's discovery response. Moreover, Delta has already provided

The same supervisor requirement is necessary "because different treatment by itself does not always indicate pretext." *Smothers v. Solvay Chemicals, Inc.*, 740 F.3d 530, 540 (10th Cir. 2014) (quotations and citations omitted)). Instead, "[d]ifferences in disciplinary decisions may be explained by the fact that the discipline was administered by different supervisors, or that the events occurred at different times when the company's attitudes toward certain infractions were different." *Id.*

For similar reasons, the conduct at issue must be closely comparable. For example, *E.E.O.C. v. Dillon Companies, Inc.* involved a plaintiff who was terminated for allegedly punching his supervisor. *E.E.O.C. v. Dillon Companies, Inc.*, No. 09-CV-02237-ZLW-MEH, 2010 WL 3239262, at *1 (D. Colo. Aug. 13, 2010). The plaintiff sought discovery on "all employees who were disciplined for either insubordination or misconduct." *Id.* at 3. In resolving a dispute about that discovery request, the court held that "conduct of 'comparable seriousness'" only reached employees who were disciplined for "'insubordination and misconduct' in the form of threatening behavior or violence in the workplace." *Id.* (emphasis added); *see also Maston v. St. John Health Sys., Inc.*, No. 06CV0694CVE-FHM, 2008 WL 295815 (N.D. Okla. Jan. 30, 2008), *aff'd*, 296 F. App'x 630 (10th Cir. 2008) (concluding that various employees were not similarly situated, despite being engaged in the same scheme, because the employees' misconduct varied in severity).

---

information to Plaintiff regarding any similarly situated employees who reported to Mr. McLeish, as well as information regarding any similarly situated employees who reported to Plaintiff's prior direct supervisor, Keith Stowe. In short, even accepting Plaintiff's erroneously broad position, the result would not change.

## III.   THE DISCOVERY SOUGHT BY PLAINTIFF IS NEITHER RELEVANT, NOR PROPORTIONAL.

Here, Plaintiff seeks information about *all* OSMs—including those who pre-date her employment with Delta in Salt Lake City; those who reported to different supervisors; and those who were disciplined for violating entirely separate policies.  (Objection, Ex. A at Interrogatory Nos. 3 and 9, and Request for Production Nos. 13-14.)  Plaintiff attempts to shoehorn into relevance this clearly overbroad category of employees by pointing to exhibits and lines of questioning used by Delta's counsel during Plaintiff's deposition.  (Objection at 5 n.3; 9.)

Specifically, Plaintiff argues that she should be entitled to information regarding the violation of any of the *dozens* of policies contained in Delta's three core employment guides: "The Way We Fly," the "Rules of the Road," and Delta's "Code of Ethics."  (Objection at 9.) However, Plaintiff cites no authority to support her position that a plaintiff may define the universe of similarly situated employees based on questions asked during a deposition.[3]

Moreover, Plaintiff ignores that she was only questioned on 15 pages of those three guides, which are collectively more than 80 pages long.[4]  (*See* Deposition of A. Finneman ("**Finneman Dep.**")  at 107:8-135:6, relevant portions of which are attached as Exhibit 1; *see also* The Way We Fly, attached as Exhibit 2; Rules of the Road, attached as Exhibit 3 and Code of Ethics, attached as Exhibit 4.)  More importantly, she ignores that those guides contain

---

[3] For example, in her deposition Plaintiff was asked whether the entry of inaccurate flight information, e.g., inaccurate luggage weights, implicates flight safety.  Now Plaintiff tries to argue that her employment was terminated *because of* a safety violation, and thus she should be entitled to information regarding all employees who were disciplined or terminated for any violation that implicates a safety issue.  However, just because her bag fee violation *could* cause a safety issue, does not mean that she was terminated *for* a safety violation, much less that she is entitled to widespread discovery regarding any violation that may touch on safety, e.g., uniform violations, workplace violence, drug and alcohol violations, etc.

[4] Notably, several of the pages on which she was questioned cover general policies including Delta's diversity, anti-discrimination, non-retaliation, and reporting policies.  (Ex. 1, Finneman Dep. at 120:11-121:14; 125:18-126:11; 129:18-130:25.)

policies covering wide-ranging and disparate topics that are indisputably not relevant to her

termination for a "waiver or favor" violation, including workplace violence, drugs and alcohol,

proper use of Delta computers and internet access, uniforms, use of cell phones, off-duty

conduct, social media, acting professionally, information security, bribery and corruption,

competitor information, federal embargoes and other sanctions, insider trading, and political

activity.  (Exs. 2, 3, 4.)

 The mere fact that this information is contained in an employment guide that also

prohibits the conduct for which Plaintiff was terminated does not make the entire employment

guide relevant.  *Maston v. St. John Health Sys., Inc.*, 296 F. App'x 630, 636 (10th Cir. 2008)

(affirming summary judgment for the employer and holding that plaintiff and other employees

had not violated work rules of comparable seriousness because the plaintiff and the other

employees had been terminated for different reasons, even though each of those different reasons

were based on violations of various policies contained in the same employee handbook).

Instead, it is clear that "conduct of comparable seriousness" must be limited to the broad

category of "waiver or favor" violations which include, but are not limited to: waiving fare rules;

extending ticketing deadlines; failing to collect change or refund fees; waiving bag fees (like

Plaintiff); reassigning seats in ineligible classes of service; overbooking; and improper upgrades

and fare adjustments, etc.

 Therefore, similarly situated employees must be limited to the definition in the

Magistrate's Order, i.e., OSMs who worked for Delta in Salt Lake City between 2016 and 2018,

who reported to same supervisor as Plaintiff, and who were disciplined and/or terminated

between for the a "waiver or favor" violation.  Because Plaintiff seeks information about

employees who clearly are <u>not</u> similarly situated to Plaintiff, that information is, as a matter of law, not relevant and not discoverable. *Kalka*, 2009 WL 203915, at *1.

Even more concerning, is that Plaintiff provides absolutely no rationale as to why she is entitled to information regarding the 22 employees identified in Request for Production No. 15. For example, that list includes Plaintiff's supervisors (Don McLeish and Keith Stowe), who <u>cannot</u> be considered similarly situated. *Didier v. Abbott Labs.*, 614 F. App'x 366, 375–76 (10th Cir. 2015) (explaining that an employee's supervisor "cannot be deemed similarly situated in a disciplinary matter").

It also includes eleven individuals who are not OSMs at all[5] and an individual who did not even work in Salt Lake City.[6]  Thus, of those 22 individuals, only *seven* were OSMs in Salt Lake City and reported to the same supervisor as Plaintiff.[7]  More importantly, none of the seven OSMs in Salt Lake City who reported to the same supervisor as Plaintiff were disciplined for a "waiver or favor" violation.  As with the other Discovery Requests at issue, to the extent Request for Production No. 15 seeks information that is not limited to similarly situated employees (as defined in the Magistrate's Order), that information is completely irrelevant to the claims and defenses in this matter, and therefore is not discoverable.

Further, because the information sought by Plaintiff is irrelevant, neither the amount in controversy (no matter how substantial), nor the fact that only Delta has the information, can make the irrelevant information sought by Plaintiff "proportional" under Rule 26.  This is

---

[5] Ryan Nelson, Roland Navarro, Lynette Smith, Stacy Glover, Terry Vanmetre, Brad Olson, Susan Boyd, Zachary Meyers, Stacy Willis.

[6] Lori Brown.

[7] While Russell Lane and Tom Broyard were OSMs in Salt Lake City, they reported to different supervisors.

because, given the irrelevance of the information, it cannot help "resolve the issues," and any burden or expense to Delta will necessarily "outweigh is likely benefit" to Plaintiff (which is zero).  Fed. R. Civ. P. 26(b).  Plaintiff's objection should be overruled for this additional reason.

In sum, it is clear that Plaintiff has been provided all discovery to which she is entitled. The fact that there happens to be no similarly situated employees obviously does not lead to the conclusion that the Court should then expand the scope of discovery to include irrelevant policy violations.  Such a position is clearly contrary to black-letter law in the Tenth Circuit that specifically defines which employees are similarly situated.

## **CONCLUSION**

For all the foregoing reasons, the discovery now sought by Plaintiff is neither relevant nor proportional, and Plaintiff has already been provided all of the discovery to which she is entitled.  As a result, Plaintiff's objection should be overruled in its entirety.

DATED this 8th day of April, 2021.

RAY QUINNEY & NEBEKER P.C.

*/s/ David B. Dibble*
Rick Thaler
David B. Dibble
Jascha K. Clark

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April, 2021, I caused a true and correct copy of the

foregoing **OPPOSITION TO PLAINTIFF'S OBJECTION TO MAGISTRATE'S ORDER**

**ON SHORT FORM DISCOVERY MOTION** to be filed with the Clerk of Court using the

Court's ECF System which sent notice to the following:

> Austin Egan
> Andrew Fox
> STAVROS LAW P.C.
> 8915 South 700 East, Suite 202
> Sandy, Utah 84070
> austin@stavroslaw.com
> fox@stavroslaw.com

*/s/ Doris Van den Akker*

1561894