Andrew W. Stavros (8615)
Austin B. Egan (13203)
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: 801.758.7604
andy@stavroslaw.com
austin@stavroslaw.com
*Attorneys for Aline Finneman*

## IN THE UNITED STATES DISTRICT COURT IN AND FOR
## THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALINE FINNEMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>DELTA AIRLINES, INC., a Delaware Corporation,<br><br>    Defendants. | **PLAINTIFF'S OBJECTION TO DEFENDANT'S REPLY MEMORANDUM**<br><br>Case No. 2:19-cv-00327-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Cecilia M. Romero |

Plaintiff Aline Finneman ("Finneman"), through her counsel, submits this Objection to Defendant's Reply Memorandum.

On October 22, 2021, Delta filed its motion for summary judgment.[1] Finneman filed her opposition to Delta's motion on December 9, 2021.[2] On January 27, 2022, Delta filed its reply memorandum.[3]

Delta's reply includes (as an exhibit) a "Reconciliation of Disputed Facts" that clearly

---

[1] ECF No. 51

[2] ECF No. 55

[3] ECF No. 56

1

exceeds the page and word-count limitations set forth in DUCivR 7-1, and Delta did not obtain prior leave from the Court to file an overlength reply. Finneman objects to Delta's "Reconciliation" and requests that the Court disregard pages 12-37 of that document in its consideration of Delta's motion.

Under this Court's local rules, a reply to a motion for summary judgment cannot exceed 20 pages or 6,200 words, exclusive of caption, face sheet, table of contents, table of authorities, signature block, certificate of service, and exhibits. *See* DUCivR 7-1(a)(4)(B) and (5). Before filing a reply that exceeds those limits, a party must first obtain a court order granting leave to file an overlength reply, and the motion must be supported by good cause. *See* DUCivR 7-1(a)(6).

Delta's reply is 14 pages and contains 4,454 words, exclusive of caption, face sheet, table of contents, table of authorities, signature block, certificate of service, and exhibits.

Delta's Exhibit A to the reply is what it titles a "Reconciliation of Disputed Facts" (the "Reconciliation"). The Reconciliation is 37 pages.[4] On pages 2-25, the Reconciliation lists three columns of single-spaced text: (1) Delta's statement of facts; (2) Finneman's responses to Delta's statements; and (3) Delta's "reconciliation," wherein Delta presents its arguments as to why each statement is not "disputed" for purposes of Fed. R. Civ. P. 56.

On pages 26-37, the Reconciliation lists two columns of single-spaced text: Finneman's Statement of Facts and Delta's responses thereto.

In total, the new material in the Reconciliation (column three on pages 2-25, and column two on pages 26-37, the "New Material") contains 7,532 words. When viewed in combination

---

[4] Delta claims the Reconciliation was filed "[p]ursuant to" Fed. R. Civ. P. 56, but that rule makes no mention of a party filing a "reconciliation" of disputed facts.

with the text in the reply, Delta has filed a reply that contains 11,986 words. This is far beyond the permissible 6,200 words set forth in DUCivR 7-1(a)(4)(B), and Delta has neither requested nor obtained prior leave from the court to file an overlength reply.

Applying the 6,200 word-count limit (of which, 4,454 has been used in the body of the reply), the Court should consider only 1,746 words of the New Material in the Reconciliation—which would result in the exclusion of all New Material after page 11.

Delta will likely argue that the Reconciliation is an "Exhibit," and therefore, it does not count against the page and word limitations in DUCivR 7-1(a). An exhibit customarily refers to evidence.[5] The Reconciliation is not evidence. It is a compilation of arguments Delta has asserted regarding the evidence and factual assertions in this case. This Court's local rules do not permit a party to sidestep the page and word limitations simply by attaching additional arguments in a document labeled as an "exhibit."

For the reasons set forth herein, Finneman objects to pages 12-37 of the Reconciliation, which should not be considered when evaluating Delta's motion for summary judgment.

Dated this 31st day of January, 2022.

                                              STAVROS LAW P.C.

                                              /s/ Austin B. Egan
                                              Austin B. Egan
                                              *Attorney for Aline Finneman*

---

[5] *See* Black's Law Dictionary, defining an "exhibit" as: "1. A document, record, or other tangible object formally introduced as evidence in court. 2. A document attached to and made part of a pleading, motion, contract, or other instrument."

## CERTIFICATE OF SERVICE

I certify that on January 31, 2022, I filed this objection using the Court's ECF system, which sent automatic notice to:

David Dibble
Jascha Clark
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145

/s/ Austin B. Egan
Austin B. Egan
