Andrew W. Stavros (8615)
Austin B. Egan (13203)
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: 801.758.7604
andy@stavroslaw.com
austin@stavroslaw.com
*Attorneys for Aline Finneman*

### IN THE UNITED STATES DISTRICT COURT IN AND FOR
### THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALINE FINNEMAN,<br><br>　　　Plaintiff,<br><br>vs.<br><br>DELTA AIRLINES, INC., a Delaware Corporation,<br><br>　　　Defendants. | **PLAINTIFF'S REPLY IN SUPPORT OF OBJECTION TO DEFENDANT'S REPLY MEMORANDUM**<br><br>Case No. 2:19-cv-00327-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Cecilia M. Romero |

　　　Plaintiff Aline Finneman ("Finneman"), through her counsel, submits her reply in support of her objection to Defendant's reply memorandum.[1]

　　　In response to Finneman's objection, Defendant Delta Airlines, Inc. ("Delta") first argues that Finneman's objection is an "admission" that the "Reconciliation is evidence" because this Court's local rules "limit objections to opposing *evidence* contained in response or reply memoranda. *See* DUCivR 7-1(b)." (ECF No. 58 at p. 2) (emphasis in original). Delta presents a red herring. Finneman did not file an objection pursuant to DUCivR 7-1(b). Finneman's objection was plainly

---

[1] Delta's reply memorandum in support of its motion for summary judgment was filed as ECF No. 56. Finneman's objection to the reply was filed as ECF No. 57. Delta's response to the objection was filed as ECF No. 58.

1

made to the length of the reply pursuant to DUCivR 7-1(a)(4)(B)(ii). Further, Delta's characterization of DUCivR 7-1(b) is incorrect. That rule prohibits a "motion to strike evidence." It does not "limit" any and all objections *to evidence*. Under Delta's reasoning, no party could ever file an objection to an overlength memorandum, which would be an absurd interpretation of the local rules.

Delta next argues that Finneman "does not cite any authority supporting her position – nothing from the Federal Rules of Civil Procedure, no local rule from the Court, and no case law." (ECF No. 58 at p. 2). This is also plainly incorrect. Finneman's objection is predicated on the page and word limitations set forth in DUCivR 7-1(a)(4)(B) and (5), which was clearly cited in her objection. No additional authority is needed to interpret the plain language of that rule, and it does not require any "case law" to know whether a party has filed a reply in excess of 20 pages or 6,200 words without obtaining prior leave.

Delta's third argument is that "the local rules do not contemplate that a reconciliation of fact must be included in the body of a reply. But, for the convenience of the Court, a party may choose to attach a reconciliation of facts." (ECF No. 58 at p. 2). Delta cites ***absolutely no authority*** for this argument. Nowhere in DUCivR 7-1 or 56-1 is there any mention of a "reconciliation of the facts." Fed. R. Civ. P. 56 does not permit or even mention a "reconciliation of the facts." Under Delta's reasoning, any party wishing to file an overlength memorandum may simply sidestep the page and word limitations in DUCivR 7-1 by filing the additional arguments in an "exhibit." Surely, the authors of the local rules did not intend that meaning, which would essentially render the page and word limitations in DUCivR 7-1 to be meaningless.[2]

Delta's fourth argument is that DUCivR 7-1(d) "explicitly allow the moving party to cite

---

[2] By way of analogy, using Delta's logic, a party could file a ten-page motion for summary judgment and then list hundreds of pages of facts, argument, and authority by simply labeling the additional material as an "exhibit." Again, that cannot be what the authors of the local rules intended.

to previously uncited evidence 'to rebut a claim that a material fact is in dispute.'" (ECF No. 58 p. 2). That language appears in DUCivR 56-1(d), not DUCivR 7-1(d). And again, Delta presents a red herring. In her objection, Finneman has not argued that Delta "cannot cite evidence that was not previously cited." Again, the objection is predicated on the length of the reply, not its content.

Delta's fifth argument is that "for many years undersigned counsel and other lawyers at our firm have included such reconciliations as exhibits to all of our reply memoranda in support of summary judgment filed before this Court." (ECF No. 58 at p. 3). In more direct terms, Delta's counsel is claiming that because they have filed "reconciliations" in other cases in the past, they should be able to do so in the present case. Past noncompliance with the local rules does not permit future noncompliance. The page and word limitations in DUCivR 7-1(a)(4)(B) are not voided simply because Delta's counsel has filed "reconciliations" in the past. Finneman's undersigned counsel has drafted and filed numerous oppositions to motions for summary judgment in this court, and this is the first time he has encountered a party's attempt to sidestep the page and word limitations in DUCivR 7-1(a)(4)(B) by listing additional arguments in an "exhibit."[3]

If Delta's counsel has filed "reconciliations" in the past, the time has arrived to put a stop to that practice which is clearly in violation of the page and word limitations set forth in DUCivR 7-1.

Delta's final argument is that its counsel "is not aware of (and apparently neither is Plaintiff) any case where any party ever took Plaintiff's position before this Court, let alone did

---

[3] Delta's counsel further claims, "We are apparently not the only ones," and go on to cite an unpublished case, *Gardner v. Deseret Mut. Benefit Administrators*, No. 2:14-CV-00602, 2016 WL 1169463. Having reviewed that docket sheet, there was no objection filed to any "reconciliation." Accordingly, it would be incorrect to say that there is any "precedent" (binding or persuasive) for evading the page and word limitations in the local rules by simply listing additional arguments in an "exhibit."

so successfully." (ECF No. 58 at p. 4). Again, it does not take any case law to interpret the page and word limitations of DUCivR 7-1(a)(4)(B). Nowhere in DUCivR 7-1 or 56-1 is there any mention of a "reconciliation." Finneman would turn this argument around and emphasize that Delta has not cited any case law that expressly permits a "reconciliation" that exceeds the page and word limitations of DUCivR 7-1.

Delta itself appears to acknowledge there is no authority for its position and that it has violated this Court's local rules. On the same day that Delta filed its response to the objection, it also filed a motion for retroactive leave to file an overlength memorandum. (ECF No. 59). In seeking retroactive leave, Delta has again failed to comply with this Court's local rules. Leave must be obtained ***before*** a party files an overlength memorandum. See DUCivR 7-1(a)(6). In more direct terms, retroactive leave is not permitted.

And finally, Finneman notes that this Court has enforced page and word limitations as they applied to Finneman's short form discovery motion (ECF No. 27) and her objection to the Magistrate's Order on that motion (ECF No. 43).[4] If Finneman is expected to comply with this Court's local rules, then that same expectation should be applied to Delta.

For the reasons set forth in her objection and the reasons set forth herein, Finneman objects to pages 12-37 of the Reconciliation, which should not be considered when evaluating Delta's motion for summary judgment.

---

[4] In overruling Finneman's objection, this Court issued a docket text order wherein it refused to consider the entire content of the objection because that same content was not listed in her original motion. (See ECF No. 50). This despite the fact while that a short form discovery motion is capped at 500 words, an objection to a magistrate's order is not. *See* DUCivR 37-1(f).

Dated this 3rd day of February, 2022.

              STAVROS LAW P.C.

              /s/ Austin B. Egan
              Austin B. Egan
              *Attorney for Aline Finneman*

## **CERTIFICATE OF SERVICE**

I certify that on February 3, 2022, I filed this reply using the Court's ECF system, which sent automatic notice to:

David Dibble
Jascha Clark
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145

              /s/ Austin B. Egan
              Austin B. Egan