FREDERICK R. THALER (7002)
DAVID B. DIBBLE (10222)
JASCHA K. CLARK (16019)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email:  rthaler@rqn.com
        ddibble@rqn.com
        jclark@rqn.com

*Attorneys for Defendant*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALINE FINNEMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIRLINES, INC., a Delaware corporation,<br><br>Defendant. | **REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE OVERLENGTH REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Case No.: 2:19-cv-00327<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

Pursuant to Rule 7 of the Federal Rules of Civil Procedure and local rule DUCivR 7-1,

Defendant Delta Air Lines, Inc. ("**Delta**") respectfully submits this reply memorandum

("**Reply**") in support of its motion for leave to file an overlength summary judgment reply

("**MSJ Reply**").

**ARGUMENT**

I.   **Principal Response to Plaintiff's Opposition**.

To paraphrase Shakespeare, "me thinks thou dost protest too much."  Knowing that her case cannot withstand summary judgment, plaintiff Aline Finneman ("**Plaintiff**") has filed a myriad of pleadings trying to suppress the truth.  But, at the end of the day, it is completely within this Court's discretion whether to use the reconciliation.  It is that simple.

As it always does, Delta's counsel put together a detailed reconciliation exhibit to aid the Court in its analysis.  That reconciliation is a tool that has been complimented, and specifically asked for, by judges on this Court, and has not ever been subject to any page limit.  Undersigned counsel still believe the Court will find it helpful, and in any event, the reconciliation clearly does not violate, and is entirely within, the rules.

In its previous brief Delta stated:

> Delta has gone to the time and expense to put together this Reconciliation because it thinks it will be a helpful tool for the Court.  It primarily consists of a comparison of, and citation to, the various deposition testimony and other evidence already before the Court.  It is certainly in the Court's discretion to consider all, none, or part of this Reconciliation.  For example, if the Court so chooses, it could decide to only use the citations to the various deposition pages and other evidence found in the Reconciliation, and itself look up each cite and decide on its own what the Court believes to be an accurate picture of the facts and relevant evidence.  Certainly, Plaintiff cannot object to this.  In any event, all of this is discretionary to the Court, and Delta and its counsel have simply put together what it has always done as a useful tool for the Court.

(Dkt. No. 59 at 4-5.)

The fact that Plaintiff has not responded to this argument speaks volumes.  Instead, Plaintiff's loud and repeated protestations on unrelated issues make it obvious that Plaintiff does not want the Court to delve into her "factual" citations because doing so would require the

dismissal of her case.

To the extent the Court is interested in having Delta respond to the numerous misguided and false arguments in Plaintiff's latest brief, the remainder of this memorandum will address such arguments.  But, at the end of the day, the issues—i.e. whether to accept the reconciliation as filed, or whether the Court prefers to grant leave to file an overlength brief—is entirely up to the Court and within the Court's discretion.

## II.   <u>Additional Response to Plaintiff's Opposition</u>.

Plaintiff's opposition memorandum includes a number of hollow arguments, some of which are plainly wrong, others that rely on logical fallacies, and still others which require the Court to ignore one of the most basic and fundamental canons of textual interpretation.  While many (if not all) of Plaintiff's arguments are inapposite, those that are even arguably relevant are proven incorrect below.  The ultimate takeaway is that Plaintiff has not, and cannot, address the glaring hole in her objection and her opposition – that there is <u>no</u> authority for her position that Delta's reconciliation exhibit was improper.  Thus, while Delta firmly believes that the Court will overrule Plaintiff's objection and consider Delta's MSJ Reply and reconciliation, as filed, in the unlikely event that the Court finds that a motion for overlength brief is preferred, Delta's request for retroactive leave should be granted.

Plaintiff argues that the text of local rules DUCivR 7-1(a)(4)(B) and DUCivR 7-1(a)(5) supposedly prohibit Delta from filing a reconciliation of facts as an exhibit to its MSJ Reply. (Opp'n at 2.)  To reach this conclusion, Plaintiff wholly ignores one of the most basic and fundamental canons of textual interpretation: when a drafter of a text "includes particular language in one section . . . but omits it in another, the court presumes that the drafter intended a

difference in meaning." *Utah Physicians for a Healthy Env't v. Kennecott Utah Copper, LLC*, 191 F. Supp. 3d 1287, 1295 (D. Utah 2016) (cleaned up).

Specifically, while the Court's local rules specify exactly what must be included in the body—and thus count toward the page limit—of motions for summary judgment and summary judgment opposition briefs, there are no such specifications for summary judgment reply briefs. *Compare* DUCivR 56-1(b) *and* DUCivR 56-1(c), *with* DUCivR 56-1(d).  In fact, the local rules go so far as to specify that, "if applicable," the body of an opposition brief must include any "additional material facts."  DUCivR 56-1(c)(4).  On the other hand, the rules do <u>not</u> require, even "if applicable," that the body of a reply brief include a section addressing an opposition's additional material facts.  DUCivR 56-1(d).  Clearly the Local Rules Committee knows how to require that certain material be included in the body of a brief (and thus subject to applicable page limits), so it easily could have done so for reply briefs had it wanted to.  It is black-letter law that, absent any other indication, the proper presumption is that this difference was intentional.[1]

Ignoring this plain and obvious reading, Plaintiff erroneously argues that a party could file a ten-page motion for summary judgment, and then include "hundreds of pages" of facts and argument in an exhibit.  (*See* Opp'n at 3, n.2.)  As stated above, the local rules *require* a motion for summary judgment to include the material facts and argument in the body of the motion. DUCivR 56-1(b)(3), (4).  Thus, even a basic reading of the rules makes clear that Plaintiff's

---

[1] The same holds true with regard to when a reply is allowed, and makes clear that Plaintiff's reply in support of her objection was not proper.  *Compare, e.g.*, DUCivR 7-1(a)(4)(A); DUCivR 7-1(a)(4)(B); DUCivR 7-1(a)(4)(C); and DUCivR 7-1(a)(4)(D) (all explicitly setting forth timing for a motion, response, and reply) *with* DUCivR 7-1(b) (only setting forth timing for objection and response).  That being said, to avoid burdening the Court with additional unnecessary briefing, Delta decided NOT to move to strike Plaintiff's reply brief, even though it was clearly outside the rules.

imagined scenario would not ever be allowed.

Finally, while Plaintiff is correct, and Delta specifically acknowledges, that the rules direct parties to seek leave before filing an overlength brief, she does not—and cannot—dispute the Court's discretion to grant leave retroactively, including in the case of a mistake. While the Court in *Reifenberger* granted retroactive leave based on a mistake (just as this Court previously did in this very case), the same rationale would equally apply here.[2]

Specifically, there is no rule clearly stating that Delta's reconciliation exhibit counts toward any page limit, and undersigned counsel is not aware of <u>any</u> authority that would support Plaintiff's position that Delta's reconciliation was improper (and apparently neither is Plaintiff). Moreover, undersigned counsel has engaged in this practice for years, without issue or complaint. And undersigned counsel is clearly not alone. *See, e.g.*, *Gardner v. Deseret Mut. Benefit Administrators*, No. 2:14-CV-00602, 2016 WL 1169463, at *1 (D. Utah Mar. 22, 2016) (defendant filed as an exhibit to reply brief, without leave or issue, a seventy-page response to the statement of additional facts in plaintiff's opposition brief). (*See* Dkt. No. 25-1 to Case No. 2:14-cv-00602.)

Given the foregoing, Delta can hardly be faulted for not seeking prior leave for an overlength brief in connection with its reconciliation, where it clearly did not (and still does not) believe such a motion was necessary, and where neither party is able to identify any authority requiring an overlength motion on the facts before the Court. Thus, in the unlikely event that Delta's MSJ Reply is considered overlength, then it is clearly the result of an excusable mistake.

---

[2] Plaintiff also argues that Delta's motion for overlength brief is an acknowledgment that Delta is operating outside of the rules. (Opp'n at 4.) It bears repeating that Delta does not believe that its motion for overlength brief is necessary, and that the Court may, and should, consider, Delta's MSJ Reply and the reconciliation exhibit as originally filed.

In sum, Delta fully expects that the Court will overrule Plaintiff's objection and that Delta's motion for leave to file an overlength reply brief will ultimately be irrelevant.  However, even if the Court finds that leave for an overlength brief is necessary, the foregoing provides sufficient good cause for the Court to grant Delta's motion.

DATED this 15th day of February, 2022.

RAY QUINNEY & NEBEKER P.C.

*/s/ Jascha K. Clark*
Frederick R. Thaler
David B. Dibble
Jascha K. Clark

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2022, I caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE OVERLENGTH REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** to be filed with the Clerk of Court using the Court's ECF System which sent notice to the following:

> Andrew W. Stavros
> Austin Egan
> Andrew Fox
> STAVROS LAW P.C.
> 8915 South 700 East, Suite 202
> Sandy, Utah 84070
> andy@stavroslaw.com
> austin@stavroslaw.com
> fox@stavroslaw.com

*/s/ TerriAnne Gillis*

1593245