IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALINE FINNEMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIRLINES, INC., a Delaware corporation,<br><br>Defendant. | **ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE OVERLENGTH REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Case No.: 2:19-cv-00327-HCN-CMR<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Defendant Delta Air Lines, Inc.'s (Defendant) Motion for Leave to File Excess Pages (Motion) (ECF 59) regarding its Reply (ECF 56) in support of its to Motion for Summary Judgment (ECF 51). Defendant requests retroactive leave to file an overlength Reply because Plaintiff Aline Finneman (Plaintiff) has filed an Objection (ECF 57) to the Reply due to the 37-page Reconciliation of Facts (ECF 56-2) attached as an exhibit to the Reply. Plaintiff opposes Defendant's request on the grounds that the local rules neither permit the filing of a reconciliation of facts as an exhibit nor granting retroactive leave to file excess pages (ECF 61). Defendant responds that though the rules are silent on the matter, the court has previously allowed the filing of a reconciliation of facts, and the court has granted retroactive leave for excess pages in cases of a mistake (ECF 63).

As an initial matter, the court does not reach the issue of whether the local rules permit the filing of a reconciliation of facts as an exhibit to a reply in support of a motion for summary judgment, as this issue is more appropriately addressed in the court's ruling on Plaintiff's pending Objection (ECF 57). Turning to the issue of Defendant's retroactive request for leave to

file an overlength Reply, the court agrees with Plaintiff that the granting of retroactive leave is generally not permitted. *See* DUCivR 7-1(a)(6)(A) (stating that a motion for excess pages must be filed, and a court order authorizing the additional pages must be obtained, before filing an overlength reply). In this case, there is no dispute that Defendant failed to seek leave to file excess pages before filing the Reply (ECF 58). The dispute between the parties centers on whether Defendant's Reply is overlength because of the Reconciliation of Facts exhibit (ECF 56-2). As the parties correctly note, the law on this point is unclear, and neither party has provided authority to clarify this issue. Due to the unsettled nature of this legal issue, the court finds that there is good cause to allow retroactive leave for Defendant to file its overlength Reply. Regardless of whether Defendant was mistaken in its interpretation of this legal issue, the court in its discretion finds that the Reply, including the Reconciliation of Facts, will be helpful to the court in resolving Defendant's pending Motion for Summary Judgment (ECF 51).

Accordingly, having considered the Motion, and for good cause appearing, the court hereby GRANTS the Motion.

IT IS HEREBY ORDERED that Defendant's previously filed Reply (ECF 56) and all of its exhibits, including the Reconciliation of Facts (ECF 56-2), are accepted as originally filed. Defendant does not need to re-file those documents.

DATED this 7 March 2022.

Cecilia M. Romero
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah